Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MD Saber Ahmed Munna, *on behalf of himself and others similarly situated,*<br><br>*Plaintiff*,<br><br>-v-<br><br>MMW CAFE LLC d/b/a Bloom's Tavern, John Mahon, and Eugin Wilson, *jointly and severally*,<br><br>*Defendants.* | Civil Case No.:<br><br>**FLSA COLLECTIVE ACTION**<br><br>**COMPLAINT** |

## NATURE OF THE ACTION

1. Plaintiff MD Saber Ahmed Munna ("Plaintiff" or "Munna"), on behalf of himself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, spread-of-hours pay, and failure to provide wage notices and wage statements.

# SUMMARY

2. Plaintiff was employed by Defendants, MMW CAFE LLC d/b/a Bloom's Tavern, John Mahon, and Eugin Wilson, as a busboy and bar-back. However, he would also spent significant time, amounting to two and a half hours per day, performing non-tipped occupations such as cleaning the bathrooms and floors, taking out the trash, picking up deliveries and stocking supplies.

3. Plaintiff consistently worked approximately 53 hours per week from October 2013 to August 2014.

4. Defendants only paid Plaintiff at a flat rate of $6.00 per hour for each and every hour he worked.

5. Defendants have paid Plaintiff below minimum wage at all times and have repeatedly deprived him of his overtime wages and spread-of-hours premium.

6. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

7. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

8. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. Plaintiff seeks certification of this action as a collective action on behalf of himself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

9. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

10. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

11. Venue is proper in the Southern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### Plaintiff

**MD Saber Ahmed Munna**

12. Plaintiff MD Saber Ahmed Munna ("Munna") is an adult individual residing in the state of New York, County of Queens.

13. Munna is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

14. Munna worked for Defendants from October 2013 to August 2014.

15. Munna was employed at Bloom's Tavern, a restaurant located at 208 East 58th Street, New York, NY 10022.

16. Munna was employed as a busboy and bar-back. However, Munna spent a significant amount of time performing non-tipped occupations such as cleaning the bathrooms and floors, taking out the trash, picking up deliveries and stocking supplies. Munna would spend around two and a half hours every day to perform these non-tipped occupations.

17. Munna was hired by Noel Donovan, a manager, on October 2013 and his employment was terminated by Noel Donovan in August 2014, after consultation with Eugin Wilson and John Mahon.

18. Eugin Wilson, an owner and manager, was responsible for paying Plaintiff and supervising him. Wilson would also supervise operations in the restaurant and reprimand employees if they did not perform their work properly.

19. Munna regularly handled goods in interstate commerce during his employment, such as drinks, food and food ingredients imported from outside the State of New York, and particularly, Ireland.

20. During the period of his employment with Defendants, Munna worked five days per week for approximately fifty-three (53) hours per week. Specifically, Munna would work on Tuesdays and Wednesdays from 11:00 a.m. to 12:00 a.m. Munna would also work on Thursdays, Fridays and Saturdays, from 4:00 p.m. to 1:00 a.m.

21. During the entire period of his employment, Munna was receiving Six Dollars ($6.00) per hour, irrespective of the number of hours he worked.

22. Munna received his pay weekly in cash at all times.

23. Defendants paid Munna below minimum wage at all times.

24. Defendants repeatedly suffered or permitted Munna to work over Forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times the statutory minimum.

25. Defendants have failed to pay Munna spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Munna's shift extended for more than ten (10) hours.

26. Munna was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

27. Munna was never informed or provided with any type of notice notifying him that a tip credit would be taken against his wages.

28. Munna was never provided with wage statements or other records detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

29. Upon information and belief, while Defendants employed Munna, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Munna of such rights.

30. Throughout the duration of his employment, Munna did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

31. Munna consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

**Defendants**

32. At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to Plaintiff's and other employees' remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

    a. Defendants all suffered or permitted Plaintiff to work.

    b. Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

    c. Defendants each have an economic interest in the location in which Plaintiff and similarly situated employees worked.

    d. Defendants all simultaneously benefitted from Plaintiff's work.

    e. Defendants each had either functional and/or formal control over the terms and conditions of the work of Plaintiff and similarly situated employees.

    f. Plaintiff and similarly situated employees performed work integral to the Corporate Defendant's operation.

33. In the alternative, all Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

**Corporate Defendant**

**MMW CAFE LLC**

34. MMW CAFE LLC ("MMW") is a domestic corporation formed on March 6, 2013, organized and existing under the laws of the State of New York. Its principal place of business is located at 208 East 58th Street, New York, NY 10022.

35. MMW owns and operates Bloom's Tavern; an Irish restaurant and bar serving Irish food and drinks to restaurant patrons.

6

36. Bloom's Tavern is open seven days per week from 11:00 a.m. to 2:00 a.m. apart from Sundays, when it is open from 11:00 a.m. to 12:00 a.m. It is also available for "private corporate events for up to 120 people" according to its own website http://www.bloomsnyc.com/. It employs a number of full-time employees including cooks, waiters, cashiers, bussers, runners, and is always filled to capacity with customers.

37. At all relevant times, MMW was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

38. At all relevant times, MMW maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

39. At all relevant times, MMW was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food and drinks made from ingredients imported from out of state and distributed in New York. In addition, MMW conducted business with vendors and other businesses outside the State of New York, and engaged in credit card transactions involving banks and other institutions outside the State of New York.

40. Upon information and belief, at all relevant times, MMW's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**Individual Defendants**

**Eugin Wilson**

41. Upon information and belief, at all relevant times, Eugin Wilson, ("Wilson") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager,

shareholder and/or agent of Corporate Defendant.

42. At all relevant times throughout Plaintiff's employment, Wilson had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; reprimanding employees if they did not perform their duties adequately; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

43. At all relevant times throughout Plaintiff's employment, Wilson was actively involved in the day-to-day operations of the Corporate Defendant and was in charge of its finances.

44. At all relevant times throughout Plaintiff's employment, Wilson was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**John Mahon**

45. Upon information and belief, at all relevant times, John Mahon, ("Mahon") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

46. At all relevant times throughout Plaintiff's employment, Mahon had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule;

instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

47. Upon information and belief, Mahon hired all managing personnel including Noel Donovan, who, in turn hired and terminated the Plaintiff's employment.

48. At all relevant times throughout Plaintiff's employment, Mahon was actively involved in the day-to-day operations of the Corporate Defendant and was in charge of its finances.

49. At all relevant times throughout Plaintiff's employment, Mahon was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

50. Pursuant to 29 U.S.C. §§ 203, 206, 207, and 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since March 6, 2014, and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

51. A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. Plaintiff and the

Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

52. The claims of the Plaintiff stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **Fair Labor Standards Act – Minimum Wages**

53. Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

54. At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

55. At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

56. Defendants were required to pay directly to Plaintiff, and the Collective Action Members, the applicable federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

57. Defendants failed to pay Plaintiff, and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

58. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

59. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

60. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

61. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

62. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## **SECOND CAUSE OF ACTION**

**Fair Labor Standards Act – Unpaid Overtime Wages**

63. Plaintiff and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

64. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

65. Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

66. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## **THIRD CAUSE OF ACTION**

### **New York Labor Law – Minimum Wage**

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69. At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

70. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

71. From 2009 to December 30, 2013, the minimum hourly wage in the State of New York was $7.25, and from December 31, 2013 to December 30, 2014, the minimum hourly wage in the State of New York was $8.00, pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.2.

72. Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

73. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 *et seq.*, and 12 N.Y.C.R.R. Part 146-1.2.

74. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

75. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

76. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## **FOURTH CAUSE OF ACTION**

### **New York Labor Law – Unpaid Overtime Wages**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

79. Defendants have failed to pay Plaintiff proper overtime which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

80. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

81. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

82. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## **FIFTH CAUSE OF ACTION**

### **New York Labor Law– Spread-of-Hours Pay**

83. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84. The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

85. Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shift exceeded ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.6.

86. Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

87. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

**New York Labor Law– Failure to Provide Notice at the Time of Hiring or at any Time Thereafter**

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants have failed to provide Plaintiff, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

90. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), pursuant to NYLL § 198 (1-b).

## SEVENTH CAUSE OF ACTION

**New York Labor Law– Failure to Provide Wage Statements**

91. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92. Defendants have failed to provide Plaintiff with wage statements listing his rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

93. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), pursuant to NYLL § 198 (1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B. An order tolling the statute of limitations;

C. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

D. Unpaid minimum wages, and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E. Unpaid minimum wages, overtime wages, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

F. Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

G. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring or at any point thereafter pursuant to NYLL § 198 (1-b);

H. An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

I. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

J. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

K. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

L. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

M. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

N. Such other relief as this Court shall deem just and proper.

Dated: March 6, 2017

Respectfully submitted,
**PARDALIS& NOHAVICKA, LLP**

By:    /s/Ariadne Panagopoulou
Ariadne Panagopoulou (AP-2202)
*Attorneys for the Plaintiff*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email: ari@pnlawyers.com