

June 1, 2017

**VIA ECF**
-------------------------------------------
Honorable Jesse M. Furman
United States Magistrate Judge
Southern District of New York
40 Foley Square,
New York, NY 10007

                 Re:    *Munna et al v. MMW Cafe LLC et al*
                             Civil Action No.: 1:17-cv-01668-JMF

Dear Honorable Jesse M. Furman:

       This office represents Plaintiff, MD Saber Ahmed Munna, in the above-referenced matter. We write jointly with Counsel for Defendants, James J. Cutro, Esq. to advice the Court that the Plaintiff and Defendants (collectively "Parties") have reached a settlement in the matter. Accordingly, the Parties seek Your Honor's approval of the terms of the Settlement Agreement ("Agreement"), annexed hereto as **Exhibit A.**

       The Parties have concluded that the Agreement is fair, reasonable, and in the Parties' mutual best interests. Further, the Agreement is in terms of Your Honor's order dated May 18, 2017 (*See* Docket no. 18). For these reasons and for the reasons set forth below, the Parties respectfully request that the Court enter an Order approving the settlement as fair and reasonable. In addition, pursuant to the terms of the settlement agreement, the parties will only submit a stipulation of dismissal with prejudice once all settlement checks clear Plaintiff's Counsel's escrow account. *See* para 1 of Exhibit A. For this reason, we respectfully request that Your Honor maintain jurisdiction over this action until all payments have been made to Plaintiff's Counsel and until the parties file a Stipulation of Dismissal with Prejudice.

**Plaintiff's allegations and Procedural History**

       Plaintiff filed this action on March 6, 2017 alleging violations of minimum and overtime wage under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff additionally brought claims for failure to provide spread-of-hours pay, and failure to provide wage statements and wage notices pursuant to the NYLL.

Plaintiff alleged that he was employed by the Defendants as a bus-boy and bar-back at their restaurant Bloom's Tavern located at 208 East 58th Street, New York, NY 10022 from October 2013 to August 2014.

During his period of employment with the Defendants, Plaintiff worked approximately fifty-three (53) hours each week. Plaintiff recollects that he was compensated at a rate of Six Dollars ($6) per hour irrespective of the number of hours he worked. Plaintiff was also never provided with wage notices or wage statements as required by NYLL § 195(1) and NYLL § 195(3) respectively.

Defendants challenged the employment period and number of hours that Plaintiff worked. Defendants have also provided documents showing that Plaintiff was paid at a tip credited rate of Five Dollars ($5) per hour from March 21, 2014 onwards. Defendants' records also indicate that the Plaintiff only occasionally worked over 50 hours and worked usually around 40-45 hours each week. From March 21, 2014 onwards, Defendants also started paying the Plaintiff at an overtime rate for the hours worked above forty (40) hours.

The parties engaged in limited discovery and settlement negotiations. The parties finally reached a settlement agreement for Twelve Thousand Dollars ($12,000.00) to be paid to the Plaintiff in a lump sum.

**Damage calculations prepared on behalf of Plaintiff**

Plaintiff's Counsel has prepared detailed wage and hour damage computations documenting the back wages owed to Plaintiff resulting from Defendants' alleged failure to pay him minimum and overtime wages, as well as the spread-of-hours pay. Plaintiff's calculations also include liquidated damages pursuant to NYLL §663(1), penalties pursuant to NYLL §195 for Defendants' alleged failure to abide by notice and record-keeping requirements, and prejudgment interest of 9% as per NY CPLR § 5004.[1]

Plaintiff's damage calculations are annexed hereto as **Exhibit B.** According to these damage calculations, Plaintiff's best case recovery is $24,736.86. However, if Defendants were able to prove the veracity of the documents they provided, Plaintiff's recovery would be very limited.

Accordingly, Plaintiff's Counsel considers this to be an excellent settlement for the Plaintiff.

**The Settlement Amount**

The parties have agreed to settle this action for the total gross sum of Twelve Thousand and 00/100 Dollars ($12,000.00), inclusive of attorneys' fees and costs, payable to the Plaintiff in

---

[1] It should be noted that pursuant to *Muhammed Chowdhury v. Hamza Express Food Corp.*, 2016 U.S. App. LEXIS 21870 (2d Cir. Dec. 7, 2016), cumulative liquidated damages pursuant to both the FLSA and NYLL is now barred following changes to the NYLL effective in April 2011.

lump sum. According to the terms of the settlement agreement, the whole settlement payment will be reported on a valid IRS Form 1099 and Plaintiff will be responsible for reporting the amount received by him to the relevant tax authorities.

This payment arrangement - i.e. where the entire amount recovered by a Plaintiff is not subject to tax withholdings by the employer - has been approved by a number of District Judges in the Southern District of New York including the Honorable Gregory Woods, *Mitchell et al v. Unique Eyewear, Inc. et al*, 16-cv-2661 (S.D.N.Y. Oct. 2016), the Honorable Analisa Torres, *Suk Pak v. Yae Poo Da Inc. d/b/a Cove Nails et al*, 15-cv-8229 (S.D.N.Y. Oct. 2015), the Honorable Edgardo Ramos, *Rivera et al v. Gary Plastic Packaging Corp. et al*, 15-cv-1715 (S.D.N.Y. Mar. 2015), the Honorable Katherine B. Forrest, *Mahbub et al v. A Voce Columbus LLC et al*, 15-cv-1990 (S.D.N.Y. Mar. 2015) and the Honorable John G. Koeltl, *Peralta Candia et al v. Hop Enterprises Inc. et al*, 15-cv-5122 (S.D.N.Y. June 2015).

This arrangement is also in terms with the FLSA's legislative intent whereby "all employees, regardless of their immigration status, are protected." *Flores v. Amigon,* 233 F.Supp.2d 462, 463 (E.D.N.Y.2002). As such, a Plaintiff would not have to reveal his social security number or taxpayer identification number in order to receive a settlement amount; information that may produce an *in terrorem* effect to FLSA litigants.

**The Proposed Settlement Amount Is Fair and Reasonable**

In order for the parties' proposed Fed. R. Civ. P. 41(a)(1)(A)(ii) stipulation of dismissal to take effect, the Court must scrutinize and approve the Settlement Agreement. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015). The Court should approve the Settlement so long as it "reflects a 'reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.,* No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008); see also *Kopera v. Home Depot U.S.A., Inc.,* No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

According to *Beckert v. Rubinov*, No. 15 CIV. 1951 PAE, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015), "in determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."

Throughout the litigation, there were significant legal and factual disputes that made the continuation of this litigation risky. In particular, the hours worked by the Plaintiff are heavily disputed. Defendants have produced time and payment reports showing that the Plaintiff seldom worked over 40-45 hours each week as opposed to the Plaintiff's allegations that he was working

for 53 hours each week. Plaintiff's employment period, as well as, Defendants' ability to use a tip credit against Plaintiff's wages were also issues in dispute. If Defendants were successful in establishing the accuracy of their records, Plaintiff's recovery would be reduced significantly. Hence, a settlement is advantageous to both parties at this time. On the other hand, moving forward toward trial would entail uncertainty and significant risks.

Considering the above factors, Plaintiff's counsel believes that this settlement is an excellent result for the Plaintiff, and, as such, it should be approved as a fair settlement. *See, Meigel v. Flowers of the World NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9, 2012) ("Typically, courts regard the adversarial nature of a FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve settlement.").

It should be noted that the settlement agreement has been the result of arm's length negotiations between experienced employment attorneys. There is nothing to indicate that Plaintiffs' or Defendants' Counsel were motivated by anything other than their clients' best interests when litigating this case.

**Other settlement terms**

The terms of the Settlement Agreement are in accordance with the decision of *Cheeks v. Freeport Pancake House, Inc*., No. 14-299 (2d Cir. 2015). The settlement allows for the settlement agreement to be publically filed for the purpose of judicial review for fairness. The Agreement also provides for a neutral reference clause.

In addition, the Settlement Agreement provides a limited release for the Defendants whereby the Plaintiff only waives claims under the FLSA, NYLL and related wage and hour laws and regulations.

**The Attorney's Fees Are Fair and Reasonable**

Pursuant to the settlement agreement, Plaintiff's counsel will receive one-third ($4,000.00) as attorneys' fees and costs. The costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provides that counsel would receive a third of the settlement amount in this action as reasonable attorney's fees and costs.

Such contingent fee arrangements are very common in wage and hour cases. "The trend in this Circuit is to use the percentage of the fund method to compensate attorneys in common fund cases." *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2nd Cir. 2010); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir. 2005). Contingent fee agreements in wage and hour cases favor public policy and are "meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, 2010 WL 69359 at *3 (S.D.N.Y. 2010).

Furthermore, there is ample authority in this circuit holding that a 33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. *See Castaneda v. My*

*Belly's Playlist LLC*. No. 15 Civ. 1324 (JCF)(S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 NGG VMS, 2014 WL 6621081, at *9 (E.D.N.Y. Nov. 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Clark v. Ecolab, Inc.,* No. 07 Civ. 8623 (PAC), 2010 WL 1948198, at *8-9 (S.D.N.Y. May 11, 2010) (awarding 33% of $6 million settlement fund in FLSA and multi-state wage and hour case);*McMahon v. OlivierChengCatering & Events, LLC,*No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *7 (S.D.N.Y. Mar. 3, 2010) (awarding 33% of the $400,000 settlement fund); *deMunecas v. Bold Food, LLC,* 2010 WL 3322580, at *4 (S.D.N.Y. Aug. 23, 2010) (awarding 33% of an $800,000 fund in an FLSA case); *Beckman v. KeyBANK, NA*, 293 F.R.D. 467, 481 (S.D.N.Y.2013) (awarding 33% of a $4.9 million settlement fund which amounted to $1.6 million in an FLSA class action).

Compared to the above case law, a 33% fee from a $12,000 common fund is a reasonable and modest sum considering all the risks in the litigation.

**The Lodestar "Cross-check" further supports Plaintiff's Counsel's requested award**

When applying the lodestar method as a "cross check" - as per *Goldberger v. Integrated Resources, Inc.*, 209 F. 3d 43 (2d Cir. 2000) - it can be seen that Plaintiff's Counsel's hourly rate under this method in fact exceeds the amount under their contingent fee arrangement. All the work in this case was closely supervised by Joseph Nohavicka, a partner with over 20 years of experience in employment litigation. Plaintiff's Counsel's hourly billing rate is $450; this amount is in line with rates awarded to similarly experienced wage and hour attorneys practicing in this district. See *Guallpa v. N.Y. Pro Signs Inc., No*. 11 CIV. 3133 LGS FM, 2014 WL 2200393 (S.D.N.Y. May 27, 2014)(awarding $350- $600 per hour for experienced FLSA attorneys in default action); *Viafara v. MCIZ Corp*., No. 12 CIV. 7452 RLE, 2014 WL 1777438 (S.D.N.Y. May 1, 2014)(finding reasonable hourly rate of $550 for senior partner in wage and hour action). Plaintiff's counsel's time litigating this action exceeds 57 hours, making the total amount of attorneys' fees equal to $26,997.00. A detailed documentation of Plaintiff's Counsel's time records based on the lodestar method is annexed hereto as **Exhibit C**.

As such, Plaintiff's counsel believes that the contingency fee in this case is fair and reasonable, particularly because it is a lesser amount than the lodestar.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**

  /s/Ariadne Panagopoulou
Ariadne Panagopoulou
*Counsel for Plaintiff*