```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/02/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MD SABER AHMED MUNNA,                                                   :
                                                                       :
                                   Plaintiff,                          :            17-CV-1668 (JMF)
                                                                       :
                 -v-                                                   :            ORDER
                                                                       :
MMW CAFE LLC, et al.,                                                  :
                                                                       :
                                   Defendants.                         :
                                                                       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        By letter dated May 17, 2017, the parties in this action, brought pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a

settlement and submitted the attached Settlement Agreement for the Court's review.  By Order

entered May 19, 2017, the Court directed the parties to submit letters explaining the basis for the

proposed settlement and why it should be approved, with reference to the factors set forth in

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

        The Court, having reviewed the parties' settlement agreement and letter, dated June 1, 2017,

respectively, finds that the settlement is fair and reasonable, given both the nature and scope of the

Plaintiff's individual claim as well as the risks and expenses involved in additional litigation.  *See

id.*  Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear

that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation

omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as

is the case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2

(E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment

context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL

3347091, at \*11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629

(ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in

FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants,

and . . . are dependent on defendants for employment").

In addition, although the proposed award of attorney's fees is high relative to the size of the

Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no

opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an

agreement between Plaintiff and his attorney. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925

F.Supp.2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and

antagonism between the plaintiff and his attorney— i.e., that the plaintiff's attorney is receiving a

larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee

is determined should be of no interest to the court, just as it is of no interest in most other kinds of

private litigation."). Accordingly, the Court approves the settlement in its entirety.

The Clerk of the Court is directed to close this case, without prejudice to the right to reopen

the action within thirty days of the date of this Order if the settlement is not fully consummated (or

for purposes of so ordering a stipulation of dismissal with prejudice). All pending motions are

moot. All conferences are vacated.

SO ORDERED.

Dated: June 2, 2017
New York, New York

JESSE M. FURMAN
United States District Judge

2